# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| **Frank Stuart, Jason Adams, Michael Barnes,** ) | |
| **Douglas Bell, George Brewer Jr., Ian Buckley** ) | |
| **Brian Cameron, James Campbell,** ) | |
| **Trey Cashwell, Jose Colon, Dustin Colson,** ) | **Civil Action No. _____** |
| **Nicholas Costello, Michael Dooley,** ) | |
| **John Dowdy Jr., Steven Fowler, Otis Germany,** ) | **(Jury Trial Demanded)** |
| **Darian Gilchrist, Ryan Goodson,** ) | |
| **Brian Goodwin, Aaron Groenenboom,** ) | |
| **Marry Guest, Jonathan Guilfoyle,** ) | |
| **Robert Holliday, Willie Ivey, Jermaine Jennings,** ) | |
| **Daniel Johnson, Larry Johnson, Paul Johnson,** ) | |
| **Sean Johnson, Jasper Jones Jr.,** ) | |
| **Joshua Kitchens, Christopher Lavarias,** ) | |
| **Walter Lavarias, James Leisey, James Lord,** ) | |
| **Evan Luda, Harry Maeky, Willie Mathis,** ) | |
| **Ian Matijczuk, James May, Zachary McCormick,** ) | |
| **Cody Mercer, Anthony Moody, Ralph Mosley,** ) | |
| **Shaun Nale, Janssen Pollard, Douglas Pullen,** ) | |
| **Kenneth Richardson, Daniel Rigdon,** ) | |
| **Perry Riley, Steven Schultz, Michael Steele Jr.,** ) | |
| **Thomas Stokes Jr., David Stroman,** ) | |
| **James Thompson, Michael Tomaszewski,** ) | |
| **Marty Walker, Linda Warrick,** ) | |
| **Kevin Washington, Steve Weddle, Keith White,** ) | |
| **Franklin Williams Jr., Russell Williams,** ) | |
| **Wayne Wingrove, William Womack,** and ) | |
| **Justin Yeager,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **AUGUSTA-RICHMOND COUNTY,** ) | |
| **GEORGIA,** ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

**COME NOW** Plaintiffs Frank Stuart, et al., and file this Complaint against Defendant Augusta-Richmond County, Georgia, showing the Court the following:

**PRELIMINARY STATEMENT**

1. This action is brought by Plaintiffs, who are current or former firefighters employed by Defendant Augusta-Richmond County, Georgia.

2. Plaintiffs engage in fire protection activities as defined by the Fair Labor Standards Act of 1938 ("FLSA") at 29 U.S.C.S. § 203(y).

3. Defendant Augusta-Richmond County, Georgia ("Augusta") is a public agency to which the FLSA applies pursuant to 29 U.S.C.S. § 203(x).

4. It is the policy of Defendant to not pay its firefighters the proper amount of overtime compensation as required by the FLSA.

5. Plaintiffs bring this action pursuant to the FLSA for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

**JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because virtually all of the events or omissions giving rise to the claims occurred in this district, and Defendant had substantial and systematic contacts in this district.

**PARTIES**

8. Defendant Augusta is a government entity that may be served through its mayor, Hardie Davis, Jr., located at 535 Telfair Street, Suite 200, Augusta, GA 30901.

9. Plaintiffs are all residents of Georgia or South Carolina. Plaintiffs' Notice of Consent to Join this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit "A".

**GENERAL ALLEGATIONS**

10. Plaintiffs are, or were, employed as firefighters by Defendant within the three years preceding the filing of this complaint.

11. Since at least 2010, as a requirement of their employment, Plaintiffs were required by Defendant to become and remain certified as either paramedics or emergency medical technicians ("EMTs").

12. Those firefighters who were certified as paramedics received a stipend in the amount of $1,800 per year in addition to their base salary.

13. Those firefighters who were certified as EMTs received a stipend in the amount of $1,200 per year in addition to their base salary.

14. In addition to being firefighters, Plaintiffs have been certified as either EMTs or paramedics.

15. Upon information and belief, Defendant purports to pay overtime to Plaintiffs in accordance with Section 7(k) of the FLSA, which requires overtime pay for

employees engaged in fire protection services who work more than 212 hours in a consecutive 28-day period.

16.     Plaintiffs have consistently worked more than 100 hours a year that would qualify for overtime pay pursuant to the FLSA.

17.     When computing rate of pay owed to Plaintiffs for the overtime hours they worked, Defendant has failed to include as part of their regular pay the stipends that Plaintiffs received for being certified as either paramedics or EMTs.

18.     As a result of this error, the overtime compensation rate Defendant has used has been lower than it should and Plaintiffs have received less in overtime pay than they are owed.

19.     Plaintiffs have brought this deficiency in overtime pay to the attention of Defendant.  (See Exhibit "B")

20.     Defendant has failed to adequately address this problem and failed to pay Plaintiffs the correct amount of overtime pay to which they have been entitled for the past three (3) years.

21.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs.

**CLAIM FOR RELIEF**

*Violation of the Fair Labor Standards Act of 1938, as Amended*

22.     Plaintiffs reassert and incorporate by reference all paragraphs set forth above as if restated herein.

23. In the three years prior to the filing of this complaint, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

24. Defendant is a public agency to which the Fair Labor Standards Act of 1938 ("FLSA") applies pursuant to 29 USCS § 203(x).

25. Defendant has violated the FLSA by failing to compensate Plaintiffs for hours they worked beyond 212 hours each 28-day period, as governed by Section 7(k) of the FLSA.

26. Plaintiffs are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

27. Defendant's failure to properly compensate Plaintiffs was willfully perpetrated and Plaintiffs are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA.

28. Alternatively, should the Court or jury find that Defendant did not act willfully in failing to pay overtime premium wages, Plaintiffs are entitled to an award of pre-judgment interest at the applicable legal rate.

29. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiffs, if successful, are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a) An order finding that Defendant violated the FLSA laws regarding overtime compensation;

b) An order finding that these violations were willful;

c) Judgment against Defendant in the amount equal to the Plaintiffs' unpaid wages at the applicable overtime rates;

d) An award in the amount of all liquidated damages and penalties as provided under the FLSA;

e) An award in the amount of all reasonable and necessary costs and attorneys' fees incurred in prosecuting these claims; and

f) Such further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 28th day of August, 2017.

      /s/  *John D. Hafemann*
John D. Hafemann
Georgia Bar No.  327982
21 W Park Avenue
Savannah, Georgia 31401
E:  john@mja.law
P:  (855) 645-5878
F:  (843) 645-6530

      /s/  *Kenneth D. Crowder*
Kenneth D. Crowder
Georgia Bar No. 123985
540 James Brown Boulevard
PO Box 160
Augusta, GA 30901
E: ken@crowderstewart.com
P: 706-434-8545
F: 706-922-7874